IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DANIEL MCRAE | * | |
|     Plaintiff | | |
| v. | * | CIVIL ACTION NO. AW-12-660 |
| KOONS OF SILVER SPRING, INC., *et al*. | * | |
|     Defendant | | |
| | *** | |

## **MEMORANDUM**

Daniel McRae is currently detained at the Charles County Detention Center in LaPlata, Maryland. On February 28, 2012, he filed this *pro se* action, dated February 21, 2012, alleging that in December, 2009, he traded in his Mustang automobile for a used 1998 Chevy van, but left the van at the car dealership so that it could receive mechanical repair work in order to pass inspection. He contends that as he had not taken possession of the van, he did not obtain automotive insurance for the used vehicle and when he returned to pick up the van, he was arrested.[1] (ECF No. 1). McRae claims that he subsequently gave limited power of attorney to his wife and son and his son attempted to retrieve the van several times, but was given "the run around." He asserts that Defendants failed to convey the van to his son and have retitled the van and sold it without his permission, notice, or receipt of compensation. (*Id*.) McRae seeks compensatory damages of $30,000.00. Because he appears indigent, his Motion to Proceed *In Forma Pauperis* will be granted, pursuant to 28 U.S.C. §1915(a).

This action, construed as one sounding in contract and filed pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331, shall be dismissed for lack of subject matter jurisdiction.

---

[1] According to the docket, in March of 2010 McRae was indicted on one count of felony bank robbery in violation of 18 U.S.C. § 2113(a). *See United States v. McRae*, Criminal No. PJM-10-0127 (D. Md.).

This Court has limited original jurisdiction. A party seeking to invoke federal jurisdiction bears the burden of demonstrating that a basis for jurisdiction exists. *See Lovern v. Edwards,* 190 F.3d 648, 654 (4th Cir. 1999). In determining whether this burden has been satisfied, the Court may proceed in one of two ways: (1) the Court may find insufficient allegations in the pleadings; or (2) the Court may conduct an evidentiary hearing and weigh the evidence to determine if jurisdiction exists. *See Adams v. Bain,* 697 F.2d 1213, 1219 (4th / Cir. 1982). In cases where the Court considers only the allegations in the pleadings, it must view all disputed facts in a light most favorable to the party asserting jurisdiction. *Lovern,* 190 F.3d at 654. Federal question jurisdiction exists over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Most civil actions will arise under the laws of the United States when the cause of action is created by federal law. A smaller number of claims, however, will lie where no federal cause of action is created but where a case or controversy-which would otherwise be heard by the state courts-presents a significant federal issue for adjudication. *See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 311-312 (2005). The Court fails to see an underlying 28 U.S.C. § 1331 federal claim under the U.S. Constitution, laws or treaties arising from the alleged inappropriate taking and sale of McRae's Chevrolet Astro van.

Further, the Court does not sit to review every contract claim routinely filed in the state courts and has jurisdiction to review such claims only if diversity of citizenship jurisdiction exists. Diversity jurisdiction under 28 U.S.C. § 1332 exists where the parties are diverse *and* the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.[2]

---

[2] Congress imposed an amount in controversy requirement to limit the number of diversity cases in federal court. *See Herlihy v. Ply-Gem Indus.*, Inc., 752 F. Supp. 1282, 1285 (D. Md. 1990).

The Complaint as presented fails to meet diversity of citizenship requirements. When a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332, he bears the burden of demonstrating that the grounds for diversity exist and that diversity is complete. *See Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 160 (2$^d$ Cir. 1998). The requirement of complete diversity of citizenship mandates that each plaintiff meet the diversity requirements as to each defendant. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989). "It is well established that diversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all of those on the other." *Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). According to the Complaint there is no complete diversity of citizenship as the parties all reside in Maryland. Second, the damages set out by McRae do not appear to meet the jurisdictional amount under 28 U.S.C. § 1332. It is a firmly established general rule of the federal courts that a plaintiff's claim is the measure of the amount in controversy and determines the question of jurisdiction. *See McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). The broad sweep of the rule is subject to the qualification that a plaintiff's claim must be made in good faith--there must be no pretense to the amount in dispute. *Id*. In addition, while good faith is a salient factor, it alone does not control; if it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount, the case will be dismissed for want of jurisdiction. *See St. Paul Mercury Indemnity Co. v. Red. Cab Co.*, 303 U.S. 283, 289 (1938); *see also Shanaghan v. Cahill*, 58 F.3d 106, 100 (4th Cir. 1995). Where, as here, McRae's claim for damages fails to meet the amount in controversy, the second statutory requirement of a 28 U.S.C. § 1332 diversity claim has not been met.

For the aforementioned reasons, the Court will dismiss McRae's Complaint.[3]  A separate Order shall be entered in compliance with the opinion set out above.


Date:  March 6, 2012                             /s/
                                        Alexander Williams Jr.
                                        United States District Judge

---

[3]  In light of the dismissal of the Complaint, McRae's Motion for Appointment of Counsel (ECF No. 3) will be denied. See *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by Mallard v U.S. District Court*, 490 U.S. 296, 298 (1989).